By the Court*—Robertson, J.
The defendant became endorser of the promissory note, in suit in this action, by writing her name on the back of a piece of blank paper, and delivering the same to her two sons, with intent that they* should write a promissory note on the face thereof, to be used by them *378 for the benefit of the firm of which they were members. She now claims that the firm in which they.were partners was dissolved before such note was passed away; that one of her sons subscribed the name 'of the firm to such promissory note after the dissolution, and passed the note to the plaintiff in satisfaction of a precedent indebtedness ; or with knowledge of such dissolution.
The partnership of the defendant’s sons began in January, 1860, to continue three years, under an agreement in writing. The note in suit came into the plaintiff’s possession in February, 1862. In January previous one of such sons (Mulock), served upon the other (his partner, Wood), and another person (Ackerman), whom he claimed to be a partner, a written notice that he had dissolved such partnership. A like notice was published by the same partner in two papers, in the city of Hew York, of large circulation. Five days previous to serving such notice the partner giving it (Mulock), commenced an action against his co-partner (Wood), and Ackerman, to dissolve such partnership, in which he obtained an injunction. Subsequently, after discontinuing that action, he began a new one for the same purpose. As the complaint in that last action was not in evidence, it does not appear what allegations were made in it, in regard to a dissolution. The answer in it, however, put in on the 1st of February 1862," contained this phrase: “ This defendant is desirous of having the partnership aforesaid "terminated and dissolved.” This is claimed to have produced an actual dissolution, by construing the notice of the 12th of January to have been an offer, and such allegation an acceptance of it. The original agreement made no provision for a dissolution; and I apprehend where such an agreement prescribes a definite period for the continuance of a partnership, it is sufficient, without prohibiting an earlier dissolution, in order to deprive the parties to it of the right of dissolving at will (Griswold v. Waddington, 16 Johns., 438; S. C., 15 Johns., 57). The announcement to the court by a party to an action, in a pleading, when not responsive to any proposal of his adversary, of a readiness, or even of the most earnest desire to dissolve a partnership, cannot be converted into a contract in pais, or stipulation of record; in the former case to be enforced by a specific performance, or in the latter by a decree without further" litigation. Still less could it be construed into the *379 acceptance of an offer to dissolve, .made a month before ; if the notice in January was such, and not a mere notification of the determination of the party notifying, whatever his partner might say. This, therefore, not creating a dissolution, and there being no other evidence of one, there was no question upon it for the jury; a mere willingness to dissolve being no evidence of a previous dissolution.
The consideration given for the note in question, according to the plaintiff’s testimony, was a loan of five hundred dollars, a few days before the 14th of February. This loan was fnade upon a promise either to repay the same out of the proceeds of the note in suit, if it could be discounted, or to deliver that note. It' was not discounted, but was delivered to the plaintiff" in satisfaction of such loan, and a prior note of the same firm, held by him. This testimony is not contradicted even by the partner who delivered it (Wood). The promise to deliver the note or its proceeds in consideration of the loan, entitled the plaintiff, in equity, to one or the other; and the time of the application of the residue of the plaintiff’s advance, consisting of the prior note, to such new note, whether at the time of the agreement or when the latter was delivered, was immaterial. The contract was entire, and a new consideration parted with, sufficient to make the indorsement binding on the defendant.
Even if the plaintiff had or was bound to take notice of the dissolution of the firm, that knowledge would have an entirely different effect upon the liability of the member of the firm who did not sign the note, and that of the defendant. Without some authority remaining in the partner signing, the other partner would not be liable. But the defendant would be liable as endorser, whosoever’s name was subscribed to the note, unless the purchaser had notice of the limitation of the authority to make a note, to drawing one for the benefit of the firm, and signed by it. The note in this case was delivered by one of that very firm, to a purchaser, to discharge a liability incurred by that firm. The partner delivering it was responsible at all events, and it was not incumbent on the plaintiff to inquire who else was, provided the defendant was.
But in fact the case does not disclose any very clear request [to submit any controverted question of fact to the jury, or to give them any instruction as to any point of law. The request to submit the question “ Whether the plaintiff parted *380 “ with value, without notion sufficient to put him upon inquiry as to the liability of the endorser, or the validity of “ the paper f was not sufficiently definite or pointed.' The liability of the endorser, or the validity of the paper, was a question of' law, and not of fact alone. The facts which were to absolve the defendant from liability were either the dissolution of the firm, and knowledge of it by the plaintiff, or some limitation of the use to which the note was to be applied, transgressed in passing it to him. The notice, necessary thus to absolve the defendant, was of course of evidentiary facts, leading to the discovery of such ulterior facts. A mere notice to the plaintiff, that the endorser would not be liable, without knowledge .of the facts by which she was to escape liability, would not acquit her; and an inquiry which would end in that information alone would be of no avail. Of course, if that information, when obtained, wonld not render the note void in the hands of the plaintiff, notice of facts leading to an inquiry for it would be immaterial. But there was no evidence of any facts constituting notice of anything to put the plaintiff on his guard. Notice that the makers of a note signed with their firm name, had dissolved partnership, formed no ground for suspecting that such note, dated six months previously, was about to be diverted from the usefor which it was intended, when employed by a partner in paying that firm’s debts. The defendant’s counsel did not disclose in his request, what that was, of which he considered there was evidence, •and which was-equivalent to a notice of something which relieved the defendant from liability, because it was sufficient to put the plaintiff on inquiry after that which constituted such reliqf as matter of law. Such request was therefore properly refused, not only as being too indefinite, or irrelevant^ but also as not having any basis in the evidence. There was indeed no evidence of any knowledge by the plaintiff of a misapplication of the note, or of want of new consideration for it, and the plaintiff was entitled to judgment.
The judgment must be affirmed, with costs.

 Present, Robertson, White and Barbour, JJ.